## Evanoff v. Evanoff

*Stanford Shmukler,* for plaintiff.

*Charles W. Gross,* for defendant.

DWYER, J., May 17, 1974.—In the instant appeal, the master filed his report recommending that the complaint in divorce, a.v.m., be dismissed. Exceptions to the report were filed by plaintiff. After argument before the court, the exceptions were dismissed and

the master's report was approved. The court reviewed the notes of testimony which are quite voluminous. Consequently, since they are part of the record, they will not be stated herein in detail.

It has long been the law in the Commonwealth that, although the court is bound to review the record, the court must give consideration to the findings of the master. This is also true when the testimony is conflicting. The master has the opportunity to see and hear the witnesses. Their demeanor goes a long way in aiding him to arrive at a determination of credibility: Prisinzano v. Prisinzano, 151 Pa. Superior Ct. 207.

Plaintiff relies on two points to support his complaint alleging indignities to the person: (1) That defendant was hostile to the mother and father of plaintiff.

The court reviewed the record on this point and finds that, assuming that plaintiff's testimony is true, this course of conduct does not constitute an indignity to the person as required by law. An indignity to the person must be to the person of the injured spouse: Hepworth v. Hepworth, 129 Pa. Superior Ct. 360, 363.

Furthermore, it can be concluded that plaintiff is not the innocent and injured spouse, for it is within his power to remove the constant source of irritation by providing defendant with her own home, free from disturbing influences, which plaintiff refused to do. In Stein v. Stein, 119 Pa. Superior Ct. 276, 282, the court held:

"For a spouse to maintain within the home a mother who has been a constant source of irritation and quarrels, establishes to our satisfaction that his conduct has precipitated the domestic troubles. His paramount duty and obligation was to maintain a home free from disturbing influences."

656

In the case at bar, the second point relied on by plaintiff is that he was unable to have normal sexual relations with defendant because of her refusal to have a physical defect corrected by surgery. A review of the record indicates that this fact is without merit and was so found by the master.

From the birth of the Commonwealth, it has been the law that the Commonwealth is the third party to actions in divorce. It has a duty to preserve the marital union unless there are clear and compelling reasons to dissolve the marital union. These reasons are provided by statute. In the case before the court, there are none. Furthermore, the record establishes plaintiff was torn between the love and care for elderly parents and his duty to his spouse. The duty to the spouse is paramount.

Accordingly, plaintiff failed to meet the burden required of him. Therefore, the exceptions to the master's report are dismissed and the master's report is approved.